UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

DONALD DEVERSO, )
)
   Petitioner, )  Civil Action No. 0: 13-53-HRW
)
v. )
)
M. SEPANEK, Warden, )  **MEMORANDUM OPINION**
)  **AND ORDER**
   Respondent. )

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Donald Deverso is a prisoner confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Deverso has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Deverso's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*,

551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On April 13, 2005, Deverso was indicted by a federal grand jury sitting in the Middle District of Florida of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2). A second superseding indictment entered on August 31, 2005, also charged Deverso with transporting child pornography in interstate commerce in violation of 18 U.S.C. §§ 2252(a)(1), 2252(b)(1), and inducing a minor to engage in sexually explicit conduct outside of the United States for the purpose of producing child pornography to be transported in interstate commerce into the United States in violation of 18 U.S.C. §§ 2251(c)(2)(B), 2251(e). Following a five-day trial, a jury convicted Deverso on all counts on May 19, 2006. On November 1, 2006, the trial court sentenced Deverso to a cumulative 195-month term of imprisonment to be followed by a lifetime period of supervised release. *United States v. Deverso*, No. 2: 05-cr-34-JES-SPC-1 (M.D. Fla. 2005).

On direct appeal, Deverso argued that the trial court erred by (1) admitting the birth certificate of the foreign minor child into evidence; (2) holding that a defendant's knowledge of the minor's age is not an element of the offense under 18 U.S.C. § 2251; and (3) finding that sufficient evidence supported his conviction of

possessing child pornography under 18 U.S.C. § 2252(a)(4)(B). On March 5, 2008, the Eleventh Circuit affirmed Deverso's conviction and sentence in all respects. In doing so, it specifically held that a defendant's mistake as to the minor's age is not a defense to a charge under § 2251. *United States v. Deverso*, 518 F. 3d 1250, 1257 (11th Cir. 2008) (*citing United States v. X-Citement Video, Inc.*, 513 U.S. 64, 76 & n.5 (1994)).

Deverso then filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, in which he argued that his trial counsel was ineffective because he (1) did not file a motion to suppress evidence obtained pursuant to an allegedly invalid search warrant; (2) did not assert Deverso's alleged lack of knowledge of the minor's age as a "mistake of fact" defense; (3) did not move to dismiss the original indictment as unconstitutional; (4) did not move to dismiss the second superceding indictment as unconstitutional; (5) did not file a motion to change venue; (6) did not move to dismiss the indictments for lack of jurisdiction over conduct committed abroad; (7) performed poorly and was unprepared for trial and sentencing; (8) did not request a "state of mind" instruction for each count; (9) did not challenge the admissibility of the foreign birth certificate; (10) was ineffective at challenging the reasonableness of his sentence; (11) did not seek dismissal of the indictment under the Speedy Trial Act; and (12) did not challenge testimony of witnesses cooperating with the prosecution. On February 9, 2011, the trial court entered an extensive opinion and

order denying relief, noting that Deverso's claims were either unsupported by the record or flatly contradicted by it, and that many were essentially the same claims considered and rejected by the Eleventh Circuit on direct appeal recast as ineffective assistance of counsel claims. *Deverso v. United States*, No. 2:09-cv-660-FTM-29SPC, 2011 WL 550205 (M.D. Fla. Feb. 9, 2011).

In his petition, Deverso presents six grounds for relief. [D. E. No. 1, pp. 8-10] While there is some overlap between his arguments, Deverso contends that: (1) the trial court's jury instructions regarding "use" in the § 2251 offense were improper, [D. E. No. 1-3]; (2) the trial court constructively amended the indictment by instructing the jury that knowledge of the minor's age was not an element of the § 2251 offense [D. E. No. 1-4]; (3) the trial court improperly admitted the birth certificate of the foreign minor [D. E. No. 1-5]; (4) his trial and appellate counsel were constitutionally ineffective [D. E. No. 1-6]; (5) he was illegally detained and searched at the Detroit airport upon his return to the United States, [D. E. No. 1-7]; and (6) the evidence at trial was insufficient to support his conviction for knowingly possessing or transporting child pornography in interstate commerce, [D. E. No. 1-8].

Having reviewed Deverso's claims, the Court concludes that none of them may pursued in a habeas corpus petition under 28 U.S.C. § 2241. To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi*

*v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Instead, a § 2241 petition is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

Under highly exceptional circumstances, the "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (§ 2241 remedy is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

Instead, the prisoner must be asserting a claim of "actual innocence." Such a claim can arise only where, after the prisoner's conviction became final, the Supreme

Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

None of Deverso's claims constitute claims of "actual innocence." Instead, they are claims which could have been - and in fact were - pursued on direct appeal or in an initial motion for relief filed under § 2255. Of the six claims presented in his petition, Claims 1, 2, 3, and 6 were decided against Deverso on direct appeal, claims 4 and 5 were decided against him in his 2255 proceedings. These types of claims of trial error are not cognizable under § 2241. *Smith v. Snyder*, 48 F. App'x 109, 110 (6th Cir. 2003) (holding that claims that indictment was defective, that jury instructions resulted in improper constructive amendment to indictment, and that counsel was ineffective, are not cognizable under § 2241); *Hopper v. Tapia*, 88 F. App'x 780, 781 (5th Cir. 2004) (holding that claim that indictment was constructively amended during trial may not be pursued under § 2241); *King v. Thoms*, 54 F. App'x 435, 438 (6th Cir. 2002) (holding that claims challenging the sufficiency of the evidence to convict may not be pursued under § 2241); *Griffin v. Wiley*, 141 F. App'x 843, 845 (11th Cir. 2005) (same); *Jackson v. Hogsten*, No. 6: 10-cv-338-HRW, 2011

WL 839657, at *3-4 (E.D. Ky. Mar. 7, 2011) (holding that claims that trial court improperly refused to suppress evidence not cognizable under § 2241); *Mans v. Young*, 36 F. App'x 766, 768 (6th Cir. 2002) (holding that claims of ineffective assistance of counsel are not claims of actual innocence that may be pursued under § 2241). Accordingly, Deverso's petition will be denied.

After the filing of his petition, Deverso filed three motions requesting either that his petition be granted or that the Court order the respondent to show cause why the writ should not be granted. [D. E. Nos. 8, 10, 11] On September 24, 2013, Deverso filed a petition for a writ of mandamus in the Sixth Circuit, asking the Court of Appeals to compel this Court to conduct the initial screening required by 28 U.S.C. § 2243 and/or to direct the respondent to file his traverse to the petition. Because the Court has conducted the screening required by § 2243 and determined that the petition does not warrant a response, Deverso's motions will be denied as moot. As required by Federal Rule of Appellate Procedure 21(a)(1), Deverso filed a copy of the mandamus petition with this Court. [D. E. No. 12] However, the Clerk of the Court docketed that copy as a motion seeking relief from this Court. Because the petition for a writ of mandamus is directed to the Sixth Circuit and does not seek relief from this Court, the Clerk of the Court will be directed to administratively terminate the petition as a motion in this action.

Accordingly, **IT IS ORDERED** that:

1. Deverso's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. Deverso's motions to grant his petition for a writ of habeas corpus or to direct the respondent to show cause why the writ should not be granted [D. E. Nos. 8, 10, 11] are **DENIED AS MOOT**.

3. The Clerk of the Court shall administratively terminate Deverso's petition for a writ of mandamus [D. E. No. 12] as a motion pending before this Court.

4. The Court will enter a judgment contemporaneously with this order.

5. This matter is **STRICKEN** from the docket.

This the 28th day of October, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge